IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>BALING N. DAT<br><br>                Defendant. | 8:22-CR-147<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION |

This matter is before the Court on Magistrate Judge Michael D. Nelson's Findings and Recommendation recommending that defendant Baling N. Dat's Motion to Suppress be denied. Filing 113. No objections were filed within fourteen days of the Findings and Recommendation. *See* NECrimR 59.2.

Under 28 U.S.C. § 636(b)(1),

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). The Eighth Circuit Court of Appeals has held that that "it is reversible error for the district court to fail to conduct a de novo review of a magistrate judge's report where such review is required." *Woods v. Burt*, No. C 06 3038 MWB, 2007 WL 1959102, at *1 (N.D. Iowa July 3, 2007) (citing *Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996)). Nevertheless, 28 U.S.C. § 636(b)(1) only requires *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Accordingly, those portions of a findings and recommendation to which no objection is made are reviewed only for "plain error." *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (reviewing factual findings for "plain error" where no objections to the magistrate judge's report were filed).

1

The Court has thoroughly reviewed the record and Judge Nelson's Order. Judge Nelson correctly concluded that the affidavit relied upon by the judge issuing the search warrant established probable cause. United States v. Reed, 25 F.4th 567, 569 (8th Cir. 2022) (outlining applicable standards). The garbage searched during a trash pull containing marijuana residue and ammunition, which was found in two black latex gloves; felons and gang members living in the residence; law enforcement receiving a tip that there were drugs being sold and stored in the residence; and other supporting statements in the affidavit noted by Judge Nelson established probable cause to issue a search warrant. See United States v. Shockley, 816 F.3d 1058, 1062 (8th Cir. 2016) (holding that a trash pull uncovering green leafy substance that tested positive for THC, eleven plastic gloves, and eight sandwich baggies established probable cause for search warrant); see also United States v. Seidel, 677 F.3d 334, 338 (8th Cir. 2012) ("[I]n fact, 'our court appears close to a blanket exception holding that trash pulls, standing alone, provide probable cause for the issuance of a search warrant in all cases.'" (quoting United States v. Timley, 443 F.3d 615, 624 (8th Cir. 2006))). The Court further agrees with Judge Nelson that no *Franks* hearing was warranted on the suppression issue. See United States v. Mayweather, 993 F.3d 1035, 1043 (8th Cir. 2021) ("A defendant may only receive a *Franks* hearing after making a substantial preliminary showing that the warrant's issuing judge relied on statements in an affidavit that were false or were omissions made knowingly and intentionally or with reckless disregard for the truth." (cleaned up)). Accordingly,

IT IS ORDERED that Judge Nelson's Findings and Recommendation, Filing 113, is adopted in its entirety and defendant Baling N. Dat's Motion to Suppress, Filing 56, is denied.

Dated this 23rd day of February, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge